IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>          Plaintiff<br><br>     v.<br><br>JAMES S. KOENIG, an individual, and ASSET REAL ESTATE & INVESTMENT COMPANY, a California corporation,<br><br>          Defendants. | Case No. _____ |

**FILED**
**FEBRUARY 27, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 1199**

**JUDGE LEFKOW**
**MAGISTRATE JUDGE MASON**

**COMPLAINT**

Plaintiff General Electric Capital Corporation ("GE Capital"), for its Complaint against James S. Koenig ("Koenig") and Asset Real Estate & Investment Company ("AREI") (collectively, with Koenig, "Defendants"), states as follows:

**Jurisdiction**

1.     GE Capital is a corporation organized under the laws of the State of Delaware with its principal place of business in Fairfield, Connecticut, and therefore is a citizen of the States of Delaware and Connecticut under 28 U.S.C. § 1332(c)(1).

2.     Koenig is an individual and a citizen of the State of California.

3.     AREI is a corporation organized under the laws of the State of California with its principal place of business in Redding, California, and therefore is a citizen of the State of California under 28 U.S.C. § 1332(c)(1).

4.     The amounts in controversy exceed $75,000.00, exclusive of interest and costs.

5.     This court has subject matter jurisdiction based on diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. § 1332.

1

6. This court has personal jurisdiction over the Defendants because, inter alia, they have submitted to jurisdiction in the Agreement of Principals that is the subject of this action.

### Venue

7. Venue is proper under 28 U.S.C. § 1391(a)(2) in the Northern District of Illinois because it is a district in which a substantial part of the events that gave rise to the claim occurred, and the transaction that is the subject of this complaint was negotiated and consummated through GE Capital's Chicago office.

### Factual Allegations

8. On or about January 13, 2006, GE Capital made a loan of $17,200,000 (the "Loan") to Newhall Capital Resources, LLC ("Newhall") and fourteen other co-borrowers (collectively with Newhall, the "Original Borrowers"). The Loan was made jointly and severally to all of the Original Borrowers and facilitated the Original Borrowers' acquisition of their tenant in common interests in three parcels of certain real property in which assisted-living facilities were being operated (the "Properties").

9. To evidence the Loan and to provide security for the Loan, the Original Borrowers executed and delivered to GE Capital the following documents (collectively, together with the other documents that evidence the Loan, the "Loan Documents") each dated as of January 13, 2006: (a) Loan Agreement, (b) Promissory Note, (c) Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing, (d) Collateral Assignment of Liens and Security Interests. True and correct copies of the foregoing documents are attached hereto as Exhibits "A" to "D".

10. After the funding of the Loan, Newhall completed syndication of tenant in common ownership interests in the Properties. Pursuant to various documents, each entitled Assignment and Assumption of Loan Documents and dated various dates, approximately nineteen additional borrowers acquired a tenant in common interest in the Properties and each assumed joint and several liability for the Loan and all of the obligations under the Loan Documents (collectively with the Original Borrowers, the "Borrowers").

11. To provide GE Capital with further inducement to advance the Loan, Defendants, as principals of certain of the Original Borrowers, entered into a Agreement of Principals with GE Capital dated January 13, 2006 (the "Agreement of Principals"), a true and correct copy of which is attached hereto as Exhibit "E".

12. Paragraph 2 of the Agreement of Principals states that the Principals "shall, jointly and severally with Borrowers, be personally liable for" the obligations defined in the Agreement of Principals as the "Retained Liabilities". The definition of Retained Liabilities includes, but is not limited to the obligations of the Borrowers to repay "the Loan, the Make-Whole Breakage Amount, Prepayment Premium, any Enforcement Costs incurred by Agent or Lender and all other Obligations of Borrowers under the Loan Documents" in the event of certain covenant breaches, the filing of bankruptcy by a Borrower, or a Borrower's inability to pay debts as they become due.

13. Borrowers delivered financial statements to GE Capital for the calendar quarters ending September 30, 2006, December 31, 2006, and March 31, 2007. Those financial statements indicated that the Borrowers failed to satisfy certain financial covenants set forth in Loan Documents resulting in the occurrence of Events of Default under the Loan Documents.

14. On May 18, 2007, GE Capital delivered formal notice to the Borrowers that the Events of Default had occurred. On June 1, 2007, GE Capital notified the Borrowers that the Loan had been accelerated and demanded immediate payment of the Loan and all other obligations of the Borrowers to GE Capital (the "Obligations").

15. On June 27, 2007, GE Capital caused a notice of default (the "Notice of Default") to be recorded against the Properties in Los Angeles County and initiated a non-judicial foreclosure. On October 10, 2007, GE Capital caused a notice of sale to be recorded which set a foreclosure sale for October 30, 2007.

16. On October 24, 2007, and again on November 15, 2007, GE Capital and the Borrowers entered into Forbearance Agreements by which GE Capital agreed to postpone the foreclosure – first from October 30, 2007 to November 16, 2007, and then to December 26, 2007 – to give the Borrowers time to attempt to refinance the Obligations or sell the Properties.

17. On December 25, 2007, one of the Borrowers, AREI Newhall 10, LLC, filed a chapter 11 petition in the United States Bankruptcy Court for the Central District of California, thereby staying the foreclosure scheduled for December 27, 2007. Since that date, sixteen of the Borrowers have filed chapter 11 petitions, all of which are being jointly-administered as Case No. 07-15156-MT.

18. As of January 29, 2008, the aggregate amount shown in GE Capital's records as being owed by the Borrowers to GE Capital under the Loan Documents was $20,221,837.68 (plus costs and expenses not yet billed to the Loan). The per diem interest accrual is $5,533.91.

## COUNT I

### Liability on the Agreement of Principals

19. GE Capital repeats and realleges Paragraphs 1 through 18 above as if fully set forth herein.

20. Under the Agreement of Principals, the Defendants are personally liable for all sums due and owing under the Loan Documents upon the occurrence of certain events, which have occurred.

21. On or about January 3, 2008, GE Capital sent Defendants a Notice and Demand for Payment of the Retained Liabilities as provided in the Agreement of Principals, a true and correct copy of which is attached hereto as Exhibit "F".

22. On or about February 4, 2008, GE Capital sent Defendants a Demand for Payment and Notice of Intent to File Legal Action, a true and correct copy of which is attached as Exhibit "G". This letter repeated the demand for repayment in an amount of $20,221,837.68 (plus costs and expenses not billed to the loan and per diem interest of $5,533.91) and requested payment on or before February 15, 2008.

23. The Defendants have failed to pay the sums due and owing to GE Capital.

24. Interest, fees, costs and expenses continue to accrue and are due and owing under the Loan Documents.

**Request for Relief**

Plaintiff GE Capital requests the following relief:

(a) Judgment in its favor and against Defendants for the full amount due and owing under the Loan Documents plus interest, fees, costs and expenses; and

(b) Such other relief as the Court may deem appropriate.

Dated: February 27, 2008

Respectfully submitted,

GENERAL ELECTRIC CAPITAL CORPORATION

By: _____/s/ Timothy J. Rivelli_____
    One of its Attorneys

WINSTON & STRAWN LLP
Timothy J. Rivelli
trivelli@winston.com
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600
Facsimile: (312) 558-5700